Minnie Fiedler
vs.
G. H. Spencer
Roofing Co.
} W. C.A. No. 1565.

June 12, 1934.

JOSLIN, J. This is a petition for compensation for the death of Gott-helf O. Fiedler, the petitioner's husband, an employee of the respondent.

On May 13th, 1933, the deceased was engaged by the respondent as a salesman. While on his way to solicit business, he alighted from an electric car and was struck by an automobile and thrown to the ground. He was taken to the hospital, where he remained for two days and then was discharged as improved.

On May 24th, he was returned to the hospital to be prepared for an operation for the removal of his prostate gland. The operation was performed June 4th. He was recuperating therefrom when he suddenly took a turn for the worse and died on June 16th.

The petitioner admits that on May 13th the deceased had an enlarged prostate, but contends that the accident aggravated it, thereby necessitating the operation which resulted fatally.

The deceased was 64 years of age and in good health. Notwithstanding that he had an enlarged prostate, it had given him no trouble whatsoever, and so far as the evidence goes he was never aware of his trouble. The hospital records show that on May 13th his injuries consisted of abrasions on four digits of the right hand and on the forearm, and his teeth were shattered. He complained of severe pain in the right arm extending from the shoulder to the wrist, and severe pain in both legs. He was unable to raise his leg, and complained of a choking sensation in the chest. The record further states that he was "complaining of voiding continuously". Upon his discharge on the evening of May 15, it was recorded that he was comfortable.

On the following day the deceased called his family physician to his home and complained of difficulty in urinating. Upon making a rectal examination

it was discovered that he had an enlarged prostate and that this was the reason for his difficulty. Relief was afforded to the patient by catheterizing. On May 20th a retention catheter was inserted. This was removed on May 24th and Dr. Oddo was called in. As a result of his advice the patient was taken to the hospital to be prepared for the operation.

The petitioner contends that the obstruction was occasioned by the injuries and the shock received in the accident. While the hospital records are silent about objective signs of a blow to the back, Dr. Bellano testified that he had a slight discoloration in the right sacrolumbar. The urinalysis disclosed many red and few white cells, indicating injury to the urinary tract.

Both Drs. Bellano and Oddo testified that the patient had stated to them that he had never had urinary disturbance of any kind. To the same effect was the testimony of the petitioner and her daughter. It was the opinion of Dr. Oddo that the retention of the urine was caused by the severe injuries to the body, plus the shock; that there was an acute enlargement of the already enlarged prostate which had not yielded to treatment accorded the patient between May 16th and June 3rd. The operation he performed was not to remove the enlarged prostate but to remove an obstructing prostate.

The respondent contends that the prostate is well within the body and is protected by the pelvis (hip bones) and numerous tissues; that an enlarged prostate requires no treatment unless it causes a difficulty or retention of urine; that due to the fact that the prostate is so well protected, there can be no aggravation of it without a very serious injury; that trauma and shock will have no effect so as to further enlarge an enlarged prostate; that an acute inflammation of the prostate generally subsides within a few days; and that the necessity for the operation was a condition that was present before the accident.

We think there is no substantial disagreement between the views of Dr. Oddo and Dr. Kerney, called by the defense. It was the opinion of Dr. Kerney that there was no direct injury to the prostate itself; that the injury was to the nerves going to the bladder, thereby causing paralysis of the muscles of the bladder which control the functions of the urinary system; and that this condition or interference with the bladder muscles should ordinarily clear up within a few days, and should have no effect on the prostate. But cannot the failure of the bladder to function thereby produce the retention of urine and cause an inflammation of the prostate? If so, and this happened in this case, and the already enlarged prostate became still larger, thereby producing an obstruction and not yielding to treatment, would not the injury to the nerves be the first link in a chain of events commencing with the accident and ending with the necessity for the operation? Therefore, taking the view of either of these two specialists in this field, we are convinced that the petitioner has made out a case. We believe that the injuries received by the patient produced a shock. There was consequent damage to the sensory or motor nerves going to the bladder. This produced an acute retention of the urine within the bladder, resulting in an irritation and inflammation of the already enlarged prostate. This, not yielding to treatment for a period of time which all agreed was reasonable, necessitated the operation. The death was the indirect result of the operation.

In the opinion of the Court, the petitioner has sustained the burden of proof and is entitled to compensation under the Workmen's Compensation Act.

At the hearing, evidence was introduced of medical and hospital services rendered the deceased within eight weeks of the accident and the payment of which would be a proper charge under Section 5 Article II of the Workmen's Compensation Act. There was no proof, however, that a claim for payment of such services was made to the employer within three months after the conclusion thereof, as required by said section. The provisions of the statute not having been complied with, the Court is compelled to deny the petition insofar as it relates to the recovery of charges for medical and hospital services.

Decree may be entered accordingly.

For petitioner: Pettine, Godfrey & Cambio.

For respondent: McGovern & Slattery.